UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHANTRESS L. FRAZIER,
     Plaintiff,

v.                                 Civil Action No. \_\_\_\_\_

DAVID P. STEINER, Postmaster General,
United States Postal Service,
     Defendant.

_____/

W. Otis Culpepper (P23520)
Attorney for Plaintiff
615 Griswold St., Ste. 1325
Detroit, MI 48226

_____/

## COMPLAINT

NOW COMES the Plaintiff, Shantress L. Frazier, by and through her lawyer, W. Otis Culpepper, and states the below following.

1. That this action arises from a sustained pattern of sexual harassment, physical assault, hostile work environment, and retaliation inflicted upon a female postal employee by a co-worker, and from the employer's failure to take adequate action to protect her.

2. That despite repeated complaints, management permitted the harassment to escalate from verbal misconduct to physical contact, culminating in conduct that forced SHANTRESS L. FRAZIER to leave the workplace for her safety

from the sexual harassment and physical assaultive conduct; as well as to protect her mental health.

3. That SHANTRESS L. FRAZIER was/is a protective person as she was/is a female and the target of harassment by a co-employee; and was denied relief in addition to retaliation for reporting said conduct, exhausting EEOC required steps, and her forced absence by the United States Postal Service by and through its management.

4. That at no time did SHANTRESS L. FRAZIER consent, welcome, solicit or request the harassment, verbal misconduct or physical conduct from any co-worker, more specifically the aggressor, Aaron Jordan – an employee of the United States Postal Service.

5. That SHANTRESS L. FRAZIER was the victim and recipient of unwanted harassment and retaliation because she is a female.

6. That because SHANTRESS L. FRAZIER exercised her protected right to report the same and seek relief from the United States Postal Service National Equal Employment Opportunity the Defendant repeatedly delayed her workers' compensation payments.

7. That this action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

8. That this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

9. That venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(e) as the unlawful employment practices occurred in Livonia, Michigan.

10. That SHANTRESS L. FRAZIER exhausted administrative remedies through the United States Postal Service Equal Employment Opportunity process and received a Final Agency Decision.

11. That through said process the Defendant ultimately denied relief acknowledging that inappropriate sexual conduct occurred but nonetheless found no actionable discrimination.

12. That SHANTRESS L. FRAZIER is a resident of Michigan.

13. That at all relevant times, SHANTRESS L. FRAZIER was employed by the United States Postal Service at the Livonia Greenmead Station located in Livonia, Michigan.

14. That Defendant David P. Steiner is the Postmaster General of the United States.

15. That SHANTRESS L. FRAZIER was a full-time City Carrier and, at times, served as an acting supervisor.

16. That SHANTRESS L. FRAZIER had an above satisfactory work record prior to the events described herein.

17. That in April of 2025, SHANTRESS L. FRAZIER was subjected to unwelcome sexual comments and physical conduct by co-worker Aaron Jordan.

18. That in April 2025, Mr. Jordan stared at SHANTRESS L. FRAZIER's body and made comments about her appearance after observing her adjust her clothing.

19. That in May 2025, Mr. Jordan made a sexually suggestive comment about SHANTRESS L. FRAZIER's body while she was speaking with management.

20. That in June 2025, Mr. Jordan again made suggestive remarks toward SHANTRESS L. FRAZIER.

21. That on July 7, 2025, Mr. Jordan touched SHANTRESS L. FRAZIER on the neck and stated words to the effect of "let me lick you here," causing SHANTRESS L. FRAZIER fear and distress, making it difficult to impossible for SHANTRESS L. FRAZIER to perform her normal postal duties that she did with high marks before this conduct.

22. That SHANTRESS L. FRAZIER immediately objected and reported the incidents to management.

23. That SHANTRESS L. FRAZIER's submitted a sworn Equal Employment Opportunity affidavit that describes multiple instances of unwelcome comments and physical contact that made her feel unsafe and uncomfortable at work.

24. That said incidents included: persistent staring at SHANTRESS L. FRAZIER's body, comments about her physical appearance, sexually suggestive remarks and physical touching of SHANTRESS L. FRAZIER's neck accompanied by sexual statements.

25. That SHANTRESS L. FRAZIER's sworn affidavit describes these incidents in detail, including management's dismissive responses.

26. That management personnel minimized SHANTRESS L. FRAZIER's concerns and failed to implement protective measures sufficient to prevent recurrence.

27. That these acts constituted an unwanted physical invasions resulting in severe emotional distress.

28. That SHANTRESS L. FRAZIER reported the incidents to supervisors and management officials, including Patrice Austin, Jermaine Gibson, and others.

29. That Management was aware of the harassment and unconsented touching by Aaron Jordon but failed to take prompt and effective action sufficient to punish the act, curtail future occurrence or protect SHANTRESS L. FRAZIER.

30. That the harassment continued over several months despite SHANTRESS L. FRAZIER's complaints.

31. That Management was aware that Aaron Jordon sexually harassed other female employees of the United States Postal Service, and failed to take any immediate acts to punish, prevent future occurrence or provide services to the victims.

32. That SHANTRESS L. FRAZIER experienced fear, anxiety, and distress while at work; making the work environment hostile and preventive from concentrating on her postal duties; creating fear and insecurity.

33. That SHANTRESS L. FRAZIER ultimately required medical treatment, including hospitalization for stress-related symptoms.

34. That after reporting harassment and engaging in protected Equal Employment Opportunity activity, SHANTRESS L. FRAZIER experienced retaliatory treatment from the Defendant.

35. That SHANTRESS L. FRAZIER's workers' compensation processing and pay were intentionally delayed by Defendant, by and through its management department.

36. That SHANTRESS L. FRAZIER experienced additional workplace stressors preventing her from effectively sorting mail, efficiently handling mail and other postal duties.

37. That SHANTRESS L. FRAZIER was treated differently from other employees after filing the complaints, including but not limited to a denial of professional advancement, isolation and unsupported reviews.

38. That SHANTRESS L. FRAZIER was subject to work alone with the aggressor, Aaron Jordon, after her reports and complaints of the aggressor's conduct to the Defendant; and such was without additional training, punishment or any suitable acts by the Defendant to Aaron Jordon to correct and prevent future occurrences.

39. That such actions would deter a reasonable employee from engaging in protected activity.

40. That said harassment was severe, pervasive, and included both verbal and physical acts of a sexual nature; hence the environment became intimidating,

hostile, and abusive preventing SHANTRESS L. FRAZIER from performing her duties safely or effectively.

41. That SHANTRESS L. FRAZIER experienced acute anxiety and distress, required hospitalization and a diagnosis including anxiety and depression; directly impairing her ability to work as done prior to said unwanted acts.

42. That Management was aware of the repeated harassment and unconsented touching by Aaron Jordon to employees other than SHANTRESS L. FRAZIER, as well as and other aggressive employees; and Management has a policy, pattern and practice of consistently and routinely failing to take prompt and effective action sufficient to punish said acts, curtail future occurrences or protect its employees who are victims of said conduct.

## COUNT I — SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT (Title VII)

43. That SHANTRESS L. FRAZIER incorporates all paragraphs into this count as though fully set forth herein.

44. That as pled within this complaint, said conduct was sufficiently severe, pervasive and altered the condition of SHANTRESS L. FRAZIER 's employment creating an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotation marks omitted).

## COUNT II — RETALIATION (Title VII)

45. That SHANTRESS L. FRAZIER incorporates all paragraphs into this count as though fully set forth herein.

## COUNT III — CONSTRUCTIVE DISCHARGE

46. That SHANTRESS L. FRAZIER incorporates all paragraphs into this count as though fully set forth herein.

47. That as a direct result of Defendant's conduct, the SHANTRESS L. FRAZIER suffered damages not limited to emotional distress, anxiety and depression, medical expenses, loss of income and benefits, loss of professional advancement, pain and suffering, loss of enjoyment of life, and other compensatory damages

WHEREFORE, SHANTRESS L. FRAZIER respectfully requests that this Court enter judgment in favor of SHANTRESS L. FRAZIER, in an amount in excess of $3,000,000.00, award back pay, front pay, and lost benefits, compensatory damages, punitive damages, costs, interest, and reasonable attorney fees; grant injunctive relief as appropriate, and any other relief that this Honorable Court deems just and proper.

Respectfully submitted,
By:/s/ W. Otis Culpepper
W. Otis Culpepper (P23520)
Attorney for Plaintiff
615 Griswold St., Ste. 1325
Detroit, MI 48226

Dated: March 5, 2026